IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01055-MSK-KLM

PRISON LEGAL NEWS,

    Plaintiff,

v.

EXECUTIVE OFFICE FOR UNITED STATES
ATTORNEYS,

    Defendant.

---

### DECLARATION OF PAUL WRIGHT IN SUPPORT OF
### PRISON LEGAL NEWS'S MOTION FOR SUMMARY JUDGMENT

---

I, Paul Wright, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the editor of Prison Legal News, the Plaintiff in this case. Prison Legal News is a 501(c)(3) non-profit organization that, via a monthly legal journal as well as on its website, reports news and provides analysis concerning prisoners' rights issues, prisoners' rights litigation, and other news about prison issues. I have been the editor of Prison Legal News since its founding in 1990. Prison Legal News's subscribers include judges, lawyers, academics, journalists, libraries, law schools, universities, prison and jail officials, and prisoners, among others.

2. According to its non-profit charter, Prison Legal News's mission includes educating the public about prison conditions. In its national coverage of detention issues,

Exhibit 3

Prison Legal News frequently uses public records laws to obtain information about prison and jail operations. A lack of transparency and government accountability are common problems around the nation, and Prison Legal News has had to resort to litigation to obtain records to which it was entitled. *See Prison Legal News v. Washington Dep't of Corrections*, 115 P.3d 316 (Wash. 2005) (holding that Prison Legal News is entitled to records of medical misconduct and neglect by prison employees); *Prison Legal News v. Lappin*, 436 F.Supp.2d 17 (D.D.C. 2006) (holding that Bureau of Prisons wrongly denied Prison Legal News a fee waiver for production of records of settlement payments resulting from prison condition litigation). Prison Legal News has the ability to disseminate the information it gleans from its FOIA requests to an audience specifically interested in prison and jail conditions and litigation.

3. In response to the FOIA request that I submitted on behalf of Prison Legal News to the U.S. Attorney's Office for the District of Colorado seeking disclosure of the videotape and autopsy photographs that were shown at William Sablan's federal criminal trial (later designated by the government "Request No. 07-903"), I received a two-page response from the Executive Office for United States Attorneys (EOUSA) date-stamped May 15, 2007 (but not received by me until June 13, 2007 via facsimile). A true and correct copy of that response is attached hereto as Exhibit 3-A.

4. On behalf of Prison Legal News, I filed an administrative appeal of EOUSA's denial of Request No. 07-903 (later designated by the government "Appeal No.

2

07-1937"). The U.S. Department of Justice's Office of Information and Privacy denied the appeal in a single-page letter date-stamped November 19, 2007. A true and correct copy of that appeal denial is attached hereto as Exhibit 3-B.

5.     Prison Legal News has been covering the federal prison complex in Florence, Colorado, since it opened in 1995. Prison Legal News's coverage of the U.S. Administrative Maximum facility (ADX) and the U.S. Penitentiary (USP Florence) in particular has been extensive. Prison Legal News is the only national media outlet that has regularly reported on these facilities. Our coverage includes the high levels of violence experienced at the prison complex in Florence.

6.     The murder of Joey Estrella by his cellmates at USP Florence is emblematic of that high level of violence. Even in context of prison murders, the Estrella murder was unusually violent. The level of negligence by Bureau of Prisons (BOP) staff and/or their lack of supervision is also extremely unusual. For journalists, it is important to have access to primary source materials where available, rather than being forced to rely on descriptions by others of events.

7.     Based on my years of experience reporting on local, state and federal detention facilities around the county, the BOP is renowned for its lack of transparency. Within media circles, the BOP is notorious for being hostile to media requests for documents or information that would shed light on its operations and functions. In my

view, this makes access to the primary videotape and autopsy photographs from the Estrella murder all the more important.

8. Prison Legal News is a small organization with a small budget relative to other national magazines. We do not have the ability to send staff journalists to attend every federal trial that we have an interest in reporting on. One of key means by which we are able to maintain our far-ranging coverage of prison-related litigation around the country is through making FOIA requests and receiving primary documents and material through FOIA disclosures. Video evidence is always the best evidence available, when it is available.

9. In my opinion, these materials implicate several aspects of public interest. First, the further disclosure of these materials to the public would shed light on the level of security within the segregation unit at USP Florence. It is my understanding that this murder occurred under circumstances in which three inmates were placed together in what was essentially designed to be an isolation cell for solitary confinement.

10. Second, in my view, the public has an interest in being able to assess whether the Sablans were drunk on alcohol at the time of the murder.

11. Third, I believe that the public has an interest in investigating the nature of the weapons used in Estrella's killing and how they were obtained.

12. Fourth, the release of the materials would shed light on BOP staff response to the assault and murder of Estrella. Several inmates have been murdered at the Florence

prison complex since it opened. The government has an obligation to keep prisoners in its care safe from harm. It is in the public's interest to be able to analyze and assess the response by BOP staff to the Estrella murder.

13.     Fifth, federal capital prosecutions are relatively rare. The fact that the federal government sought the death penalty against both Sablan cousins and then failed to secure a death verdict against either of them despite enormous expense is another matter of public concern. Disclosure of the materials sought in this case would shed light on the prosecutorial decision to seek the death penalty against the Sablans.

14.     Sixth, I believe there is a public interest in being completely and correctly informed about the circumstances surrounding the Estrella murder and its aftermath. There was a lot of speculation and rumors about what actually happened after the murder, including rumors of cannibalism by one of the Sablans. Indeed, BOP staff was quoted in the media saying that one of Sablans had taken a bite out of Estrella's liver. Allowing journalists and the public to view the videotape and autopsy photos themselves could help dispel any unfounded rumors or incorrect speculations. One of critical roles of the media is to provide the public with concrete facts so that we do not devolve into a society awash in unsubstantiated rumor and gossip.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 20, 2008

/s/ Paul Wright
Paul Wright
Editor, Prison Legal News



U.S. Departmer⁀ ⁀Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: __Paul Wright_____   Request Number: __07-903_____

Subject of Request: __USA v. Sablan (Exhibits)_____

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been  MAY 1 5 2007
processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the
official record-keeper for all records located in this office and the various United States Attorneys'
Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and
the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and
are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. This letter is a [   ] partial [X] full denial.

    Enclosed please find:

_____ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An
enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [X] (b)(7)(B) | [X] (j)(2) |
| [ ] (b)(2) | [X] (b)(5) | [X] (b)(7)(C) | [ ] (k)(2) |
| [X] (b)(3) | [ ] (b)(6) | [X] (b)(7)(D) | [ ] (k)(5) |
| Court-Sealed | [X] (b)(7)(A) | [ ] (b)(7)(E) | [ ] _____ |
| | | [ ] (b)(7)(F) | |

    [ ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)

Form No. 021- no fee - 1/06

**Exhibit 3A**

[ ]   A review of the material revealed:

[ ] _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____

[ ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[ ]   See additional information attached.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Acting Assistant Director


Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee - 1/06



U.S. Department of Justice

Office of Information and Privacy

---

Telephone: (202) 514-3642      Washington, D.C. 20530

NOV 19 2007

Mr. Paul Wright
Prison Legal News
No. 251                              Re:   Appeal No. 07-1937
972 Putney Road                            Request No. 07-903
Brattleboro, VT  05301                     KAH:CG

Dear Mr. Wright:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to the matter of *USA v. Sablan*, U.S.D.C. No. 1:00-CR-00531 WYD. I regret the delay in responding to your appeal.

After carefully considering your appeal, and following discussions between EOUSA and a member of staff, I am affirming, on partly modified grounds, EOUSA's action on your request. EOUSA properly withheld certain information that is protected from disclosure under the Freedom of Information Act pursuant to:

   5 U.S.C. § 552(b)(7)(A), which concerns records or information compiled for law
   enforcement purposes the release of which could reasonably be expected to
   interfere with enforcement proceedings;

   5 U.S.C. § 552(b)(7)(B), which concerns records or information compiled for law
   enforcement purposes the release of which could reasonably be expected to
   deprive a person of a right to a fair trial or an impartial adjudication; and

   5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
   enforcement purposes the release of which could reasonably be expected to
   constitute an unwarranted invasion of the personal privacy of third parties.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

Exhibit 3B