IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01055-MSK-KLM

PRISON LEGAL NEWS,

        Plaintiff,

v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,

        Defendant.
_____

**OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court[1] pursuant to Plaintiff Prison Legal News's Motion for Attorney Fees and Expenses **(#27)**, to which Defendant Executive Office for United States Attorneys (the "Executive Office") responded **(#30)**, and Prison Legal News replied **(#34)**; and Prison Legal News's Supplement to its Motion **(#35)**, to which the Executive Office responded **(#40)**, and Prison Legal News replied **(#43)**.

Plaintiff Prison Legal News initiated this action under the Freedom of Information Act ("FOIA")[2] seeking disclosure of certain video and photographic records that were used in the

---

[1] Attorney fees and costs are collateral to and separate from a decision on the merits of the action. *See Bell v. Bd. of County Comm'rs of Jefferson County*, 451 F.3d 1097, 1101 n.2 (10th Cir. 2006). When fees are sought in a case where the judgment of the district court has been appealed, thus divesting the district court of jurisdiction over the matter, the district court retains jurisdiction to determine tangential matters such as the propriety of attorney fees. *See id.*; *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998); *Stewart v. Donges*, 915 F.2d 572, 575 n.3 (10th Cir. 1990).

[2] Particularly, 5 U.S.C. § 552(a)(4)(B).

1

prosecution of a federal death penalty case.³ The Executive Office opposed disclosure, arguing that the documents were protected from disclosure because they fell within two FOIA exemptions aimed at maintaining individuals' privacy.⁴

On September 16, 2009, the Court ruled on the parties' cross motions for summary judgment and ordered that certain portions of the video be disclosed. In particular, the Court divided the video into two sections—one depicting the Sablans' activities while in the cell with Mr. Estrella's body and the other depicting the removal from the cell, the search, and the restraint. As to the first section, the Court ordered disclosure of the audio of the BOP officials' comments, but denied disclosure as to the remainder because Mr. Estrella's family had a privacy interest in the video. The Court similarly denied disclosure of the photographs depicting Mr. Estrella's body. The Court ordered that the entire second section be disclosed, with the exception that the Sablans' genitalia be obscured. Prison Legal News appealed this decision and

---

³ On October 10, 1999, William Sablan and Rudy Sablan murdered Joey Jesus Estrella in their shared prison cell at the United States Penitentiary in Florence, Colorado. The Bureau of Prisons ("BOP") videotaped William and Rudy Sablan's actions after the murder. The video included William Sablan mutilating and handling Mr. Estrella's body and internal organs and his purported drinking of Mr. Estrella's blood. Inevitably, the video shows the numerous physical injuries that were inflicted on Mr. Estrella. The video also depicts the BOP's removal of William and Rudy Sablan from the cell, their initial physical exams, and their placement in four-point restraints in separate cells. Photographs were also taken of Mr. Estrella's body.

On March 12, 2007, Prison Legal News sent a FOIA request to the U.S. Attorney's Office seeking disclosure of the video and the "still photographs of the body of" Mr. Estrella that were used in the trials. The Executive Office denied the request in full on May 15, 2007. Prison Legal News's administrative appeal was denied on November 19, 2007. This lawsuit followed.

⁴ The two exemptions were (i) Exemption 6, which relates to personnel and medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and (ii) Exemption 7(C), which relates to records or information compiled for law enforcement purposes and that could reasonably be expected to constitute an unwarranted invasion of personal privacy.

2

the appeal remains pending with the Tenth Circuit. In the meantime, however, Prison Legal News has moved for an award of attorney fees under FOIA.

A court may award attorney fees under FOIA. *See* 5 U.S.C. § 552(a)(4)(E)(i); *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996). To make the determination, a court first considers whether the complainant is eligible for an award under the statute and, second, whether a fee award is otherwise justified. *See id.* A complainant is eligible for an award of reasonable attorney feels and other litigation costs if the complainant has "substantially prevailed." *See* 5 U.S.C. § 552(a)(4)(E)(i). A complainant has "substantially prevailed" if he or she has obtained relief through either (i) a judicial order (or enforceable written agreement or consent decree); or (ii) a voluntary or unilateral change in position by the agency.[5] *See id.* § 552(a)(4)(E)(ii). Determination of whether an award is otherwise justified involves consideration of four factors: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law. *See Gowan*, 148 F.3d at 1195; *Aviation Data Serv. v. Fed. Aviation Admin.*, 687 F.2d 1319, 1321 (10th Cir. 1982).

In this case, the parties do not dispute that Prison Legal News is eligible for an award of attorney fees because they obtained relief through a court order—the Court's September 2009

---

[5] Previously in the Tenth Circuit, a complainant was deemed to have substantially prevailed if the lawsuit was reasonably necessary and substantially caused the requested records to be released. *See Gowan v. U.S. Dep't of the Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998). However, FOIA was amended effective December 31, 2007 to include the statutory definition and, therefore, it is this definition which guides the Court's analysis. *See Hart v. U.S Dep't of Health & Human Servs.*, 676 F.Supp.2d 846, 586 (D. Ariz. 2009).

Order—however, they dispute whether an award is justified under the four factor test. Prison Legal News argues that all of the factors weigh in favor of an award of attorney fees, but concedes that only 40% of the total amount of fees incurred is attributable to issues upon which it has succeeded. Therefore, Prison Legal News requests a reduced amount of $12,179.20 as fees and costs for litigating the FOIA request. It also seeks $9,187.50 associated with its motion for attorney fees. The Executive Office argues that none of the four factors weigh in favor of an attorney fee award, but that if fees are awarded, that they should be limited to $5,000.

The test for the first factor, public benefit, is whether the information that was disclosed assists the public in making an informed judgment as to governmental operations. *See Aviation Data Serv.*, 687 F.2d at 1323. In weighing this factor, a court takes into consideration the degree of dissemination and likely public impact from the disclosure. *See id.* (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978). Prison Legal News represents that the information will be posted on its website for public view. Thus, the dissemination of the information is theoretically unlimited, but is practically limited to people who are inclined to visit the website. In this regard, Prison Legal News reports that those who are interested in information it posts are primarily prisoners, prisoners' families and former prisoners. Thus, the population to which this information is likely to be disseminated is relatively small.

The purpose of FOIA is to provide the public with information that sheds light on the government's performance of its duties. *See Forest Guardians v. U.S. Fed. Emergency Mgmt. Agency*, 410 F.3d 1214, 1217 (10th Cir. 2005). In its September 2009 ruling, the Court observed that disclosure of the manner in which the BOP addressed the murder could assist the public in making an informed judgment about the operations of the BOP. Whether the public is the public

4

at large or a more limited group, information about how the BOP responded to the murder may inform the public as to its effectiveness in maintaining security and order inside of this prison. Accordingly, this factor weighs in favor of an award of attorney fees.

The second and third factors, the commercial benefit to the complainant and the nature of the complainant's interest in the records sought, also weigh in favor of an award of attorney fees. Prison Legal News is a non-profit organization that does not seek to profit or benefit from the disclosure nor to use the information for its own advancement other than to pursue its mission of providing information about the prison system. The fact that Prison Legal News caters mainly to prisoners and, therefore, the majority of viewers of the video will likely be prisoners, does not change the nature of Prison Legal News interest in the information nor its intended use of the information.

The fourth factor, whether the government had a reasonable basis in law for withholding the records, weighs against an award of attorney fees. The Executive Office withheld the entirety of the video and the photographs from disclosure based on two FOIA exemptions dealing with privacy considerations. This position was reasonably based in law. Indeed, the Court ordered disclosure of only portions of the video. Although the Executive Office could have voluntarily disclosed portions of the video (which would have been in accordance with its obligation to disclose any portion of the material that did not fall within an exemption, *see* 5 U.S.C. § 552(b)), the fact that it did not do so does not necessarily lead to a conclusion that its refusal to disclose was not reasonably based in law.

Because three of the four factors weigh in favor of an award, the Court finds that an award of attorney fees is justified in this case.

There is no dispute that Prison Legal News incurred a total of $29,892.68 in attorney fees and costs, based on 74.8 hours of work by a partner a rate of $315-320 per hour, 30.6 hours of work by an associate at a rate of $175 per hour, and $758.18 in other litigation costs. Similarly, there is no dispute as to the reasonableness of the hourly rates, time spent or costs incurred by Prison Legal News.[6] However, given that Prison Legal News prevailed on only some of its claims, it seeks only $12,179.20, 40% of the total amount incurred.

The most useful starting point for determining the reasonableness of an award of attorney fees is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount, called the "lodestar" amount provides an objective basis for determining the value of the attorney's services. *See id.* The Court presumes that these are reasonable. When a plaintiff prevails on some but not all claims, a court looks beyond the lodestar amount to determine whether a plaintiff's limited degree of success justifies an award less than the lodestar amount. *See Hensley*, 461 U.S. at 434; *N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 834 (10th Cir. 1996). Indeed, the degree of success has been called the most critical factor in determining whether an award is warranted and, consequently the amount of a reasonable award. *See Hensley*, 461 U.S. at 436; *Flitton v. Primary Residential Mortgage*, __ F.3d __, 2010 WL 3035754, at *3 (10th Cir. Aug. 5, 2010).

---

[6] In any event, the Court concludes that the amount of time spent was reasonable. Although this case included no discovery, was limited to a legal issue, and was determined based solely on cross motions for summary judgment, Prison Legal News' counsel prepared multiple briefs on the issue, which was itself complex, requiring analysis of the purpose of FOIA, two FOIA exemptions, and the case law concerning a family's right to privacy of a family member's death scene images. Accordingly, without specific objection to the contrary, the Court concludes that the time spent was reasonably expended on this case.

In determining the degree of success, the question is qualitative, not quantitative. In such a situation, the Court evaluates two issues: (i) the relation between the claims upon which the plaintiff prevailed to those on which he or she failed to prevail and (ii) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *See Hensley*, 461 U.S. at 434.

In this case, the Executive Office argues 40% is too large a percentage because Prison Legal News failed to gain disclosure of the essence of what it sought—the autopsy photographs and the video depicting Mr. Estrella's mutilated body. The Court understands this to be an argument under the second factor cited *supra*, that Prison Legal News's success was not qualitatively large enough to justify an award based on the hours expended on the case. The Court finds the argument unpersuasive.

Here, Prison Legal News sought the autopsy photos and the videotape of the seizure of the Sablans and their interrogation on a single legal theory—that it was entitled to the information under FOIA. The justification asserted by the Executive Office to resist disclosure was also singular—that privacy exceptions excused disclosure. It was the Court, not the parties, who segregated the video into two sections and considered their disclosure independently. As a result, the disclosure ordered did not result from the wholesale adoption of either party's position, but was instead an attempt to carefully balance the purposes of FOIA and the privacy rights of Mr. Estrella's family. The Executive Office offers, and the Court can discern, no reasoned way to correlate the fees and costs incurred by Prison Legal News to the particular information disclosed or not disclosed. Accordingly, the award to Prison Legal News will be consistent with its request.

Prison Legal News also seeks an award of $9,187.50 for the time spent litigating the attorney fee issue. This number is based on 28.3 hours of partner time at a rate of $320 per hour and $131.50 in online research fees. The Executive Office does not expressly object to this award, stating only that if the Court reduces the substantive award below 40% it should also proportionately reduce the fee award.

Because the Court did not reduce the substantive fee award below that requested by Prison Legal News, the Executive Office's objection is moot. However, the Court finds Prison Legal News' request for attorney fees for litigating the attorney fee issue (essentially "fees for fees") to be excessive. The Court (i) assumes that counsel kept records for its work in the ordinary course of its business and no substantial time was needed to compile or review those records; (ii) finds that although the attorney fees provision under FOIA presented unique issues, the legal issues associated with a request for legal fees are neither novel nor complicated; and (iii) acknowledges that the relative amount of the request for the attorney fee award request is disproportionate to the entire amount of attorney fees incurred for the entire matter, *i.e.*, the time spent on the attorney fee issue is almost a third of the time spent litigating the substantive merits of the entire action. Accordingly, the Court concludes that no more than five hours for briefing is reasonable to address the attorney fee issue. At a rate of $320 per hour, the amount is $1,600, which, when added to the $12,179.20, results in a total award of $13,779.20.

**IT IS THEREFORE ORDERED** that:

(1)   Plaintiff Prison Legal News's Motion for Attorney Fees and Expenses **(#27)** is
     **GRANTED IN PART**.

(2)     Defendant the Executive Office shall pay $13,779.20 in attorney fees to Plaintiff Prison Legal News.

Dated this 10th day of August, 2010

                                **BY THE COURT:**

                                *Marcia S. Krieger*

                                Marcia S. Krieger
                                United States District Judge